IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM FREDERICK COLEMAN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1507-D |
| | § | |
| NATHANIEL QUARTERMAN, Director | § | Consolidated With: |
| Texas Department of Criminal Justice, | § | No. 3-06-CV-1508-D |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner William Frederick Coleman, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was charged with two counts of aggravated sexual assault of a child, enhanced by a prior felony conviction. Pursuant to a negotiated plea agreement with the state, petitioner pled guilty to both counts and pled true to the enhancement allegation. Punishment was assessed at 15 years confinement and a $3,000 fine. Petitioner timely appealed both convictions, but the appeal was dismissed for lack of jurisdiction. *Coleman v. State*, Nos. 05-03-01078-CR & 05-03-01079-CR (Tex. App.--Dallas, Oct. 29, 2003, no pet.). The Texas Court of Criminal Appeals dismissed two applications for state post-conviction relief. *Ex parte Coleman*, No. WR-57,157-04 (Tex. Crim. App. Apr. 19, 2006); *Ex parte Coleman*, No. WR-57,157-05 (Tex. Crim. App. Apr. 26, 2006).

Petitioner then filed this action in federal district court.[1]

II.

In multiple grounds for relief, petitioner contends that: (1) his guilty plea was involuntary; (2) the prosecutor failed to disclose evidence favorable to the defense; (3) he received ineffective assistance of counsel at trial and on appeal; (4) he was denied the right to appeal rulings on several pretrial motions; and (5) he is actually innocent.[2]

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d

---

[1] Petitioner filed separate federal writs with respect to each of his convictions. The two cases were subsequently consolidated into this action.

[2] Respondent argues that this case is barred by the AEDPA statute of limitations because petitioner did not file his federal writ within one-year of the date his state conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The court need not decide this procedural issue as petitioner is not entitled to federal habeas relief in any event. *See Wheat v. Dretke*, No. 3-05-CV-1315-H, 2005 WL 1667832 at * 1 n. 1 (N.D. Tex. Jul. 15, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 1837154 (N.D. Tex. Aug. 3, 2005) (declining to address affirmative defense of limitations where petitioner was not entitled to relief on the merits).

389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

Petitioner contends that his guilty plea was induced by coercion and misrepresentations and is not supported by sufficient evidence.

1.

A trial judge is required to ensure that a guilty plea is knowing and voluntary. *See James v. Cain,* 56 F.3d 662, 666 (5th Cir. 1995). The defendant must have "a full understanding of what the plea connotes and of its consequence." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 1678 (1992), *quoting Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). This constitutional inquiry focuses on three core concerns: (1) the

absence of coercion; (2) an understanding of the charges; and (3) a realistic understanding of the consequences of the guilty plea. *United States v. Bernal,* 861 F.2d 434, 436 (5th Cir. 1988), *cert. denied*, 110 S.Ct. 203 (1989). These core concerns are addressed by the admonishments contained in Tex. Code Crim. Proc. Ann. art. 26.13. *See Montemayor v. Valdez*, No. 3-06-CV-0012-K, 2006 WL 740743 at *2 (N.D. Tex. Mar. 14, 2006) (Kaplan, J.), *rec. adopted*, 2006 WL 1348734 (N.D. Tex. May 17, 2006), *citing* TEX. CODE CRIM. PROC. ANN. art 26.13 (Vernon Supp. 2005).[3]

2.

Petitioner was charged in separate indictments with two counts of aggravated sexual assault of a child, a first-degree felony, enhanced by a prior felony conviction. The victim in both cases was his 14 year-old daughter. Instead of risking a potential life sentence, petitioner agreed to plead guilty to both indictments in exchange for a 15-year sentence and a $3,000 fine. In a written plea agreement signed by petitioner, he acknowledged the full panoply of his constitutional rights and the consequences of his plea. (St. App. Tr. at 48-49). Petitioner also signed a judicial confession admitting the essential elements of the offense and his prior conviction for involuntary manslaughter. (*Id.* at 50).

At a plea hearing held on June 16, 2003, the trial judge summarized the facts alleged in the indictments and told petitioner that the range of punishment for aggravated sexual assault of a child was not less than five years nor more than 99 years or life imprisonment and a $10,000 fine. (SF-I at 3). Petitioner testified that he reviewed the plea documents with his attorney and declined to ask

---

[3] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993). The requirements of Rule 11 and article 26.13 are substantially similar. *Compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM. PROC. ANN. art 26.13. It therefore follows that the same "prophylactic protections" attach to the admonishments under article 26.13. *See Jamme v. Cockrell*, No. 3-01-CV-1370-L, 2002 WL 1878403 at *5 n.4 (N.D. Tex. Aug. 12, 2002) (Kaplan, J.).

any questions. (*Id.* at 4). However, when called upon to enter his plea, petitioner responded, "Your Honor, I can't do it. I'm sorry. I'm not guilty." (*Id.*). Defense counsel then requested a brief recess to confer with his client. After a discussion off the record, the judge inquired:

> THE COURT: Mr. Coleman, you've had a chance to visit with your attorney for a moment, is that correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And at this point is your plea to the charge guilty or not guilty?
>
> THE DEFENDANT: Guilty.
>
> THE COURT: And no one's forced you, threatened you, promised you anything, done anything to you to get you to plead guilty, is that right?
>
> THE DEFENDANT: (No Verbal Response).
>
> THE COURT: I'll accept your plea of guilty.

(*Id* at 5). When asked if he wished to testify or make any further statements, petitioner inquired only whether he would receive credit on his sentence for time spent in jail. (*Id.* at 6). The judge indicated that petitioner would receive such credit and clarified that the 15-year sentences in each case would run concurrently. (*Id.*). Petitioner then stated, "That's all I have to say, Your Honor." (*Id.*). The court accepted petitioner's guilty plea, found him guilty beyond a reasonable doubt, and sentenced him to 15 years confinement and $3,000 fine in accordance with the terms of the plea agreement. (*Id.* at 8).

Petitioner now contends that his guilty plea was induced by coercion and misrepresentations and is not supported by sufficient evidence. When the court recessed the plea hearing so petitioner could confer with his attorney, petitioner contends that defense counsel threatened him by shouting:

> The District Attorney wants to give you a life sentence [ ] today.  I want you to simply say yes and no to the court questions.  Ask the Judge regarding your back time in jail.  Accept the plea it is your only option--Now!

(St. Hab. Tr. at 23).  Petitioner alleges that his "emotions were so intensed" by the threatening demeanor of his lawyer that he was unable to think, speak, or make an intelligent decision regarding his plea.  (*Id.*).  Yet petitioner did not protest when the judge inquired a second time whether anyone had forced, threatened, or promised him anything in exchange for his guilty plea.  (SF-I at 5).  Petitioner also admitted in the plea documents, which were signed prior to the hearing, that he committed the offense of aggravated sexual assault of a child exactly as alleged in the indictment and that his plea of guilty was "not influenced by any fear [or] persuasion[.]"  (St. App. Tr. at 49).  In its order accepting petitioner's guilty plea, the state court expressly found that the plea was "knowingly, freely, and voluntarily made[.]"  (*Id.*).  Petitioner has failed to adduce any evidence, much less clear and convincing evidence, to rebut that finding.  His self-serving and conclusory allegations do not support a claim for habeas relief.  *See Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) (prior statements made by defendant in open court "carry a strong presumption of verity").

Petitioner also contends that his guilty plea is not supported by sufficient evidence.  "No federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea."  *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986), *quoting Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir. 1983), *cert. denied*, 104 S.Ct. 1609 (1984).  Moreover, petitioner signed a judicial confession admitting the essential elements of the offense.  This ground for relief is without merit and should be overruled.

C.

Having determined that petitioner's guilty plea is valid, the vast majority of his other claims are not subject to federal habeas review. A voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding. *See Tollett v. Henderson*, 411 U.S. 258, 265, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973). This includes claims alleging the failure to disclose exculpatory evidence, *see Matthew v. Johnson*, 201 F.3d 353, 366-70 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 291 (2000), and instances of ineffective assistance of counsel that do not implicate the validity of the plea itself, *see United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.), *cert. denied*, 121 S.Ct. 282 (2000). These grounds for relief should be overruled.

D.

In two related grounds, petitioner contends that he was denied the right to appeal rulings on several pretrial motions and criticizes his appellate lawyer for failing to raise certain issues on direct appeal. Under Texas law:

> A defendant in a criminal case has the right to appeal under Code of Criminal Procedure article 44.02 and [the Texas Rules of Appellate Procedure]. The trial court shall center a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case--that is, a case in which defendant's plea is guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant--a defendant may appeal only:
>
> (A)    those matters that were raised by written motion filed and ruled on before trial, or
>
> (B)    after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2), *reprinted in* Texas Rules of Court--State at 365 (West 2006). Although defense counsel filed numerous pretrial motions (*see* St. App. Tr. at 9, 12, 15, 18, 20, 30, 37, 45), there is no evidence that the trial court ever ruled on any of those motions. Nor did the trial court

grant permission to appeal. (*Id.* at 56). Consequently, petitioner had no right to appeal his conviction.

E.

Finally, petitioner contends that newly discovered evidence will establish his actual innocence. A claim of actual innocence, standing alone, is insufficient to merit federal habeas relief. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1250 (2001), *quoting Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). There also must be evidence of an independent constitutional violation in the state criminal proceeding. *Id*. at 741. Here, petitioner has failed to establish an underlying constitutional violation. Nor is there any evidence of his innocence.[4] This ground for relief is without merit and should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[4] Petitioner generally alleges that he can show his innocence "by many affidavits, documentary evidence, and DNA evidence." (*See* Pet. Mem. Br. at 10). However, none of this evidence has been described with sufficient particularity to allow for meaningful review.

DATED: November 15, 2006.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE